IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHU TRAN,

      Plaintiff,                    No. 2:12-cv-1243 KJM JFM (PC)

    vs.

J. AGUIRRE, et al.,                ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
4  U.S.C. § 1915(b)(2).
5          The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10  U.S.C. § 1915A(b)(1),(2).
11          A claim is legally frivolous when it lacks an arguable basis either in law or in
12  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
13  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14  indisputably meritless legal theory or where the factual contentions are clearly baseless.
15  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
16  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
21  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
22  Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a
23  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
26  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Based on the allegations in the complaint and the exhibits attached thereto[1], plaintiff claims he was placed in Administrative Segregation ("Ad-Seg") on October 28, 2011 whereupon his personal property was inventoried by defendants Sgt. Youngblood, Officer Iglesia, and Main Property Room Officer Aguirre.  On November 2, 2011, following his release from Ad-Seg, plaintiff went to retrieve his property and was informed that half of it was contraband.  Officer Aguirre presented plaintiff a document listing his confiscated property, which plaintiff signed indicating that he wished to donate the items.  See Doc. No. 1 at 53.  Plaintiff then filed an appeal regarding the confiscation of a number of medically approved items and seeking a return of those items and money damages.  See Doc. No. 1 at 48-51.  On appeal, the medically approved items were returned to plaintiff, but his request for damages was denied at all levels.  In this complaint, plaintiff claims that he was not given the choice as to how to dispose of the property, in violation of Title 15 of the California Code of Regulations.  Plaintiff names as defendants Sgt. Youngblood, Officer Iglesia, Officer Aguirre and other staff members involved in plaintiff's appeal.  Plaintiff seeks damages.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

---

[1] A "court may consider material that the plaintiff properly submitted as part of the complaint . . ." and that is incorporated by reference.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Civ. P. 10(c).

3

1        The Due Process Clause protects prisoners from being deprived of property
2 without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a
3 protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).
4 However, while an authorized, intentional deprivation of property is actionable under the Due
5 Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v.
6 Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.
7 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not
8 constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth
9 Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.
10 Palmer, 468 U.S. 517, 533 (1984).  Plaintiff alleges that prison officials improperly confiscated
11 his personal property in violation of the applicable regulations and that the confiscation of his
12 personal property was therefore unauthorized.  California provides an adequate post-deprivation
13 remedy.  Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing to California Gov't
14 Code sections 810–895).  Therefore, plaintiff's claim arising from the deprivation of his property
15 is not cognizable under section 1983.

16        Additionally, plaintiff's claim that his constitutional rights were violated by
17 defendant's failure to comply with the California Department of Corrections and Rehabilitation
18 policies and procedures fails to state a claim.  As noted, Section 1983 provides a cause of action
19 only for violation of the United States Constitution and federal laws and statutes.  See Sweaney
20 v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  "To the extent that the violation of
21 state law amounts to the deprivation of a state-created interest that reaches beyond that
22 guaranteed by the federal Constitution, section 1983 offers no redress."  Id.  Therefore, assuming
23 arguendo, violation of the California Code of Regulations existed in this case, it does not in and
24 of itself state a claim under section 1983.  See Barry v. Fowler, 902 F.2d 770, 772 (9th Cir.
25 1990).
26 /////

Finally, some of the defendants were involved in reviewing and deciding plaintiff's inmate appeal grieving the loss of his property. To the extent plaintiff is attempting to state a separate claim for denial of his appeal, that claim also fails. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Accordingly, the undersigned finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. Moreover, the exhibits attached in support of the complaint do not set any additional facts that would support such a claim. Therefore, because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989) (citing Conley v. Gibson, 355 U.S. 41, 45-56 (1957)), leave to amend should be denied. Schreiber Dist. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (citing Bonanno v. Thomas, 309 F.2d 320, 322 (9th Cir. 1962)).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;tran1243.14new

6